## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAJ KAREE EDGE,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-0876** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| **Respondent.** | : | |

### MEMORANDUM

**HENRY, J.**                                                                                    **FEBRUARY 18, 2026**

*Pro se* Petitioner Raj Karee Edge has filed a typewritten Petition for *Habeas Corpus* Relief under 28 U.S.C. § 2241 (ECF No. 1) ("Petition").[1]  He seeks release from state prison. (Petition at 1, 3-6.)  Edge has no connection to this District.  He is serving a state sentence at SCI Huntingdon, in the Middle District of Pennsylvania, following his state-court conviction in Allegheny County, which is within the Western District of Pennsylvania.  Nonetheless, it is clear that he is in state custody "pursuant to the judgment of a State court."  28 U.S.C. § 2254(a). Therefore, 28 U.S.C. § 2254, not § 2241, is the exclusive vehicle for his *habeas* request for release from that custody, and the Petition must be construed as one under § 2254.  *See Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001).

This Court would normally transfer the matter to the United States District Court for the Western District of Pennsylvania.  However, in this instance, that would not serve judicial economy, because this is not Edge's first petition seeking *habeas corpus* relief from his state

---

[1]  As required, the Court liberally interprets Parker's *habeas* Petition.  *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

sentence.[2]  Because he has not obtained prior approval from the United States Court of Appeals for the Third Circuit to file a second or successive *habeas* petition, as required by 28 U.S.C. § 2244(b)(3)(A),[3] his current petition will be transferred to the Third Circuit to determine whether the District Court for the Western District of Pennsylvania may consider it.

Edge, who is serving a life sentence at SCI Huntingdon for first-degree murder,[4] has submitted his Petition on an apparently prisoner-created and duplicated form with pre-typed content.  This generic form has been used recently by other prisoners from SCI Huntingdon.  The only differences between Edge's Petition and the others are his handwritten insertions in the blanks provided for his name, inmate number, date, and signature.  The submission, docketed as "Petition for Writ of *Habeas Corpu*s," is titled "Petition for Emergency and Expedited *Habeas Corpus* Relief."  Petition at 1.  However, nothing in it purports to allege an emergency, justifies expedited relief, or supports its consideration as a preliminary injunction.  *See* Fed. R. Civ. P. 65 (standards for emergency relief in temporary restraining orders and preliminary injunctions); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) (stating that the standards for both are the same); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (explaining that the movant has the burden to make a clear showing that such an extraordinary and drastic remedy is justified);

---

[2]  *See Edge v. Lawler, et al.*, No. 08-1009 (W.D. Pa.), ECF Nos. 18-20 (Nov. 12, 2009) (denying relief); *Edge v. Lawler*, Nos. 09-4630 & 10-1077 (3d Cir. Mar. 4, 2010) (consolidated, denying Certificate of Appealability).

[3]  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

[4]  *See Commonwealth v. Edge*, CP-02-CR-0013435-1998 (C.P. Allegheny); *Commonwealth v. Edge*, CP-02-CR-0013774-1998 (C.P. Allegheny); *Commonwealth v. Edge*, CP-02-CR-0011151-1998 (C.P. Allegheny).  *See also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (permitting the Court to take judicial notice of facts reflected in publicly available state court records).

*Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (summarizing standards: movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

The function of preliminary injunctive relief is to preserve the *status quo* pending the eventual determination of the action on the merits. *See Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (collecting cases). Because Edge is already in prison and seeks release, preserving the *status quo* means keeping him in prison, not expediting his release. He makes no showing by this form Petition that he is entitled to emergency or expedited relief. Edge includes the words "emergency and expedited" in the title and text of the Petition but nowhere attempts to demonstrate why or how its novel, abstract assertions meet these standards. The Court finds Edge has not met his burden. There is no emergency and no need for expedited relief. Thus, the Court considers the Petition in due course and in the usual fashion.

Because Edge has not obtained prior approval from the Court of Appeals to file a second or successive *habeas* petition, as required by 28 U.S.C. § 2244(b)(3)(A), his current petition will be transferred to the Third Circuit so that it may determine whether the District Court for the Western District of Pennsylvania may consider it.

An appropriate Order follows.

3